

```
         FILED
   U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 AUG 14  AM 8: 53

LORETTA G. WHYTE
       CLERK
```

MINUTE ENTRY
SHUSHAN, M.J.
AUGUST 14, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY LEE SMITH | CIVIL ACTION |
| VERSUS | NO: 00-0395 |
| TOR DRILLING, INC. | SECTION: "B"(1) |

### HEARING ON MOTIONS

APPEARANCES:   Submitted on briefs

MOTION:   MOTION OF DEFENDANT, TOR DRILLING, INC., FOR RECONSIDERATION.

**GRANTED IN PART AND DENIED IN PART**

The plaintiff, Terry Lee Smith, filed this action for damages for injuries he sustained while employed by the defendant, Tor Drilling, Inc. ("Tor Drilling") on the TOR VIKING, while he and other members of the crew of the TOR VIKING were using a high pressure water blaster to strip the TOR VIKING of its paint and barnacles preparatory to painting. The plaintiff noticed the corporate deposition of Tor Drilling and the individual depositions of at least the following representatives of

DATE OF ENTRY
AUG 1 4 2000

Tor Drilling: Jim McReynolds, chief engineer, Dewayne Overstreet, toolpusher, and Gary McClendon, technical superintendent. Rec. doc. 6, 10, 11 and 13. Tor Drilling states that John McCurly, vice president for operations, George Lyerly, rig manager, Tom Wright, vice president for human resources, and Shellie Foster, human resources assistant are all available for their depositions in Houston, where they work, but the plaintiff has not yet chosen to depose these individuals.

The plaintiff seeks the deposition of John Riekeles, who is identified as the owner of Tor Drilling and a resident of Norway. The plaintiff filed a motion to compel the deposition testimony of Mr. Riekeles. Rec. doc. 17. Tor Drilling's opposition was due under the Local Rules of this Court on July 11, 2000. By July 17, 2000, Tor Drilling had not filed an opposition, so the undersigned granted the plaintiff's motion as unopposed. Rec. doc. 19. Tor Drilling's opposition was received on July 18, 2000, and filed on July 20, 2000. Rec. doc. 20.

Tor Drilling now seeks reconsideration of the undersigned's order requiring Mr. Riekeles to appear for his deposition in either Houston, Texas or Norway. Rec. doc. 19. Tor Drilling argues that the plaintiff has had substantial discovery and that additional witnesses are available in Houston. The testimony of Mr. Riekeles is not likely to lead to the discovery of admissible evidence concerning the purchase of the water blasting unit, the hiring and employment of plaintiff, and the future operations of the TOR VIKING as they impact plaintiff's damages. Tor Drilling views the effort to depose Mr. Riekeles as harassment and an unnecessary expense.

The plaintiff vigorously objects to Tor Drilling's position. He contends that Mr. Riekeles <u>personally</u> hired the plaintiff and was aware of the plaintiff's disability (several of the plaintiff's fingers were amputated in an accident in the early 1980's). Mr. Riekeles often traveled to the TOR VIKING and maintained an office on it. He decided to purchase the water blasting unit and

2

personally made the decision to require inexperienced crewmen of the TOR VIKING, including plaintiff, to operate the water blasting unit. TOR VIKING is the only drilling rig operated by Tor Drilling, so Mr. Riekeles is the owner of a one drilling rig company.

In opposing the plaintiff's motion to compel and in seeking reconsideration Tor Drilling is in effect seeking a protective order that discovery of Mr. Riekeles not be had under any circumstances. On the papers submitted by both parties, the undersigned cannot say that the deposition of Mr. Riekeles will not lead to the discovery of admissible evidence. The court is mindful of the expense of a trip to Norway. Much of the information sought by plaintiff appears to be available from the persons already deposed or from the representatives of Tor Drilling in Houston, who have not been deposed. Pursuant to Fed. R. Civ. P. 26(c) the court may determine how the plaintiff may take the deposition of Mr. Riekeles.

The plaintiff shall take the deposition of Mr. Riekeles by telephone. Mr. Riekeles shall make himself available by telephone within twenty (20) days of the entry of this order at the time chosen by plaintiff. Counsel for Mr. Riekeles shall be at the office of counsel for plaintiff during the deposition, so as to make Mr. Riekeles the only person participating by telephone. If Mr. Riekeles is to be examined on any documents, they shall be furnished to counsel for Tor Drilling three days prior to the deposition and it shall be the responsibility of counsel for Tor Drilling to transmit the documents to Mr. Riekeles prior to the deposition.

IT IS ORDERED that the motion of Tor Drilling to reconsider is GRANTED in part and DENIED in part.

SALLY SHUSHAN
United States Magistrate Judge